Wyly, J.
Plaintiffs, judgment creditors of defendants, issued execution on their judgment in the Fourth District Court, parish of Orleans, and they seized by garnishment process certain credits of said firms in the hands of the garnishees herein. Long before this execution issued Mayo, one of the partners in defendants’ firm, died and all his assets, notes and accounts and the assets, notes and accounts of these firms were sold by order of the Second District Court, parish of Orleans, the court having jurisdiction of Mayo’s succession, and T. H. Higginbotham purchased the same. He intervened in the court below and moved to set aside plaintiffs’ seizure on several grounds, the most important being :
First — As Mayo was dead and his succession in charge of the Second District Court no valid execution could issue.
Second — No valid seizure can be made of a particular asset, note or account belonging- to a partnership on an execution directed against one of the partners or the surviving partner.
From the judgment against certain of the parties garnishee Higginbotham has appealed. The record shows that he purchased the property in dispute at the sale ordered by the Second District Court, and he asserts his right' as owner of property exceeding in value five hundred dollars.
The motion to dismiss his appeal for want of an appealable interest is denied.
On the merits, the case is clearly with the appellant. Against a succession a writ of fieri facias can not issue, nor can a seizure thereunder be made by garnishment process. The specific credits of a partneiship, as in this case, can not be seized under execution against one of the partners or the surviving partner. The entire interest of a partner may be seized and sold, but no specific asset, credit or property of the partnership is liable to seizure under execution against one *557 of the partners. Therefore, the seizure, so far as relates to Mayo, is void, because his succession is not liable to seizure under fieri facias so far as it.relates to his surviving partners, the things seized belonging to the said firms, the property in the hands of the garnishees herein was not liable to seizure by plaintiffs. The appellant who shows title to the property in dispute can make any objection necessary to protect his interest.
It is therefore ordered that the judgment herein be annulled, and it is decreed that plaintiffs take nothing by their seizure, and their garnishment proceedings herein be set aside at their costs in both courts.